UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT ANTHONY MCCLANAHAN,<br><br>  Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>  Defendant. | Case No.  1:14-cv-00925-SKO<br><br>**ORDER AFFIRMING ALJ'S DECISION** |

## I.   INTRODUCTION

Plaintiff Brent Anthony McClanahan ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits pursuant to Titles II and XVI of the Social Security Act.  42 U.S.C. §§ 405(g); 1381-83.  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States Magistrate Judge.[1]

---

[1] The parties consented to the jurisdiction of a U.S. Magistrate Judge.  (Docs. 7; 8.)

## II. FACTUAL BACKGROUND

Plaintiff filed applications for DIB and SSI on May 23, 2011, alleging disability beginning on May 13, 2008, caused by a back injury. (Administrative Record ("AR") 182-92.)

### A. Relevant Evidence[2]

The Commissioner denied Plaintiff's application initially and again on reconsideration; consequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (*See* AR 12.) A video hearing was held on February 12, 2013, before an ALJ. (AR 33-76.) Plaintiff was represented by counsel at the hearing. (*See* AR 12; 33-76.)

#### 1. Testimony of Vocational Expert at the Hearing

At the hearing, the ALJ solicited testimony from a Vocational Expert ("VE") about Plaintiff's past work and his ability to perform other work. (AR 67-75.) The VE testified Plaintiff's past relevant work was characterized under the Dictionary of Occupational Titles ("DOT") as a teacher's aide, DOT 249.367-074, which is light, semiskilled[3] work with a specific vocational preparation level ("SVP")[4] of 3; security, DOT 376.367-018, characterized as light but performed as medium or heavy, semiskilled work with an SVP of 4; guard, DOT 372.667-034, characterized as light, semiskilled work with an SVP of 3; electrician apprentice, DOT 824.261-014, characterized as medium, skilled[5] work with an SVP of 7; construction laborer, DOT 862.684-014, characterized as heavy and performed as very heavy, semiskilled work with an SVP of 4; and, sales solicitor, DOT 299.357-014, characterized as sedentary, semiskilled work with an SVP of 3. (AR 67-69.)

---

[2] As Plaintiff's assertion of error is limited to the ALJ's consideration of the VE testimony, and because there is no challenge to the ALJ's RFC finding, only evidence relevant to this single argument is set forth below.

[3] By regulation, semi-skilled work is defined as that "which needs some skills but does not require doing the more complex work duties . . . ." 20 C.F.R § 404.1568(b).

[4] Specific Vocational Preparation, as defined in DOT, App. C, is the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation. DOT, Appendix C – Components of the Definition Trailer, 1991 WL 688702 (1991). Jobs in the DOT are assigned SVP levels ranging from 1 (the lowest level – "short demonstration only") to 9 (the highest level – over 10 years of preparation). *Id.*

[5] By regulation, skilled work is defined as that "in which a person uses judgment to determine the machine and manual operations to be performed in order to obtain the proper form, quality, or quantity of material to be produced . . . . [and] may require dealing with people, facts, or figures or abstract ideas at a high level of complexity." 20 C.F.R. § 4047.1568(c).

The ALJ then posed a series of hypotheticals for the VE to consider. The ALJ asked the VE to consider a person of the same

> age, education, and past work, who is able to lift and carry 10 pounds – up to 10 pounds, can sit for six hours in an eight-hour day, stand/walk for two hours in an eight-hour day, with the need for a cane for extended walking. The individual would need to . . . alternate s[itt]ing/standing ever[y] 30 minutes. Can occasionally climb ramps and stairs. Can never climb ladders, ropes or scaffolds. Is limited to occasional balance, stoop, kneel, crouch, crawl and cannot work around hazards, to include heights.

(AR 69.) The VE testified that such a person could perform Plaintiff's past relevant work as a sales solicitor, but could not perform any of Plaintiff's other past relevant work. (AR 70.)

Because it was unclear whether Plaintiff's part-time, temporary work as a sales solicitor could be considered substantial, gainful employment, the ALJ asked the VE whether there were other jobs in the economy which such a person could perform. (AR 70-71.) The VE testified that such a person could perform representative occupations such as an order clerk, DOT 209.567-014, characterized as sedentary, unskilled work with an SVP of 2; clerk, DOT 249.587-014, characterized as sedentary, unskilled work with an SVP of 2; and assembler, DOT 734.687-018, characterized as sedentary, unskilled work with an SVP of 2.

The ALJ asked the VE if his testimony was consistent with the DOT, and the VE stated that his testimony would be consistent with the DOT and that in his experience as a rehabilitation practitioner, "every 30 minutes with the alternating stand/sit [option] would be realistic for the jobs I gave you and the numbers." (AR 72.)

### 2. The ALJ's Decision

On March 21, 2013, the ALJ issued a decision, finding Plaintiff not disabled since May 13, 2008. (AR 21-27.) The ALJ found Plaintiff had severe impairments including displaced disc with foraminal canal stenosis and foraminal encroachment lumbar spine; bilateral discectomy and foraminotomies two levels; bilateral foraminotomies two other levels, symptomatic lumbar stenosis, L2-3, with herniated disc, status post bilateral hemilaminectomy via left side approach with decompression of nerve roots, partial facetectomy, foraminotomy, and excision of herniated intervertebral disc; cauda equine syndrome; left radiculopathy, lumbar spine; post laminectomy syndrome; impotence and urinary and bowel sphincter dysfunction; and morbid obesity. (AR 14.)

3

The ALJ also found Plaintiff had non-severe impairments including hypertension, asthma, sleep disorder, and bipolar disorder. (AR 14.)

The ALJ then determined that Plaintiff's impairments, singly and in combination, did not meet or equal a listed impairment. (AR 15-16.) The ALJ found Plaintiff retained the residual functional capacity ("RFC") to perform

> sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except lift and carry up to 10 pounds; sit 6 hours out of 8 hours; stand and walk 2 hours out of 8 hours with can for extended walking; alternate sitting and standing every 30 minutes; occasional ramps and stairs, never ladders, ropes or scaffolds, occasionally balance, stoop, kneel, crouch, crawl; no exposure to hazards, including heights.

(AR 16.)

Given this RFC, the ALJ found that Plaintiff was unable to perform his past relevant work. (AR 21-22.) The ALJ concluded that Plaintiff was capable of performing other work, and listed representative occupations of order clerk, DOT 209.567-014, clerk, DOT 249.587-014, and assembler, DOT 734.687-018. The ALJ determined that the VE's testimony was consistent with the DOT and noted that, because the DOT does not discuss a sit/stand option, the VE's testimony had been based upon both the DOT and the VE's years of experience as a vocational expert. (AR 22-23.) The ALJ concluded that Plaintiff was not disabled, as defined in the Social Security Act, from May 13, 2008, the alleged onset date, through the date of the decision. (AR 23.)

Plaintiff sought review by the Appeals Council on April 10, 2013. (AR 7-8.) The Appeals Council denied Plaintiff's request for review on April 22, 2014. (AR 1-6.) Therefore, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. § 404.981.

**C.     Plaintiff's Argument on Appeal**

On June 14, 2014, Plaintiff filed a complaint before this Court seeking review of the ALJ's decision. (Doc. 1.) Plaintiff contends the ALJ erred by accepting the VE's testimony which conflicts with the DOT. (Doc. 10, pp. 5-7.) As such, Plaintiff claims the ALJ erred in concluding Plaintiff could return to his past relevant work at Step Four or could perform the alternative work identified at Step Five.

//

### III. SCOPE OF REVIEW

The ALJ's decision denying benefits "will be disturbed only if that decision is not supported by substantial evidence or it is based upon legal error." *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999). In reviewing the Commissioner's decision, the Court may not substitute its judgment for that of the Commissioner. *Macri v. Chater*, 93 F.3d 540, 543 (9th Cir. 1996). Instead, the Court must determine whether the Commissioner applied the proper legal standards and whether substantial evidence exists in the record to support the Commissioner's findings. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

"Substantial evidence is more than a mere scintilla but less than a preponderance." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). The Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citation and internal quotation marks omitted).

### IV. APPLICABLE LAW

An individual is considered disabled for purposes of disability benefits if he is unable to engage in any substantial, gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted, or can be expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3) (A); *see also Barnhart v. Thomas*, 540 U.S. 20, 23 (2003). The impairment or impairments must result from anatomical, physiological, or psychological abnormalities that are demonstrable by medically accepted clinical and laboratory diagnostic techniques and must be of such severity that the claimant is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial, gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)-(3), 1382c(a)(3)(B), (D).

//

The regulations provide that the ALJ must undertake a specific five-step sequential analysis in the process of evaluating a disability. In Step 1, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If not, the ALJ must determine at Step 2 whether the claimant has a severe impairment or a combination of impairments significantly limiting her from performing basic work activities. *Id.* §§ 404.1520(c), 416.920(c). If so, the ALJ moves to Step 3 and determines whether the claimant has a severe impairment or combination of impairments that meet or equal the requirements of the Listing of Impairments ("Listing"), 20 § 404, Subpart P, App. 1, and is therefore presumptively disabled. *Id.* §§ 404.1520(d), 416.920(d). If not, at Step 4 the ALJ must determine whether the claimant has sufficient RFC despite the impairment or various limitations to perform her past work. *Id.* §§ 404.1520(f), 416.920(f). If not, at Step 5, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* §§ 404.1520(g), 416.920(g). If a claimant is found to be disabled or not disabled at any step in the sequence, there is no need to consider subsequent steps. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. §§ 404.1520, 416.920.

## V. DISCUSSION

Plaintiff contends the jobs identified by the VE do not contain a sit/stand option indicating a worker would be able to alternate positions every 30 minutes to stretch, despite that the ALJ determined Plaintiff required such an option. Because the DOT does not address the availability of a sit/stand option, Plaintiff asserts the VE's testimony that Plaintiff could perform the requirements of certain occupations created an apparent conflict with the DOT. Plaintiff asserts the ALJ failed to inquire and the VE failed to provide an explanation as to whether or not the VE's testimony was consistent with the DOT, as is required by Social Security Ruling ("SSR") 00-4p. (*See* Doc. 10, pp. 4-9.) The Commissioner responds that because the ALJ solicited, and the VE provided, "a reasonable explanation for his testimony" that Plaintiff could perform a significant number of alternative occupations, Plaintiff's argument is without merit and the Court should affirm the ALJ's decision. (*See* Doc. 13, pp. 2-4.)

//

At Step Four, the ALJ must determine whether a claimant's RFC allows him to return to his past relevant work. *Lester v, Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995); 20 C.F.R. § 404.1520(a)(4)(iv). Plaintiff has the burden of establishing he cannot "return to his former type of work and not just to his former job." *Villa v. Heckler*, 797 F.2d 794, 798 (9th Cir. 1986). Nonetheless, the ALJ is required to make sufficient findings of fact regarding the claimant's RFC, the physical and mental demands of the past relevant work, and whether the claimant can return to past relevant work "either as actually performed or as generally performed in the national economy." *Pinto v. Massanari*, 249 F.3d 840, 844-45 (9th Cir. 2001).

In determining whether appropriate jobs exist for the claimant, the ALJ generally will refer to the DOT. *Light v. Social Sec. Admin.*, 119 F.3d 789, 793 (9th Cir. 1997); SSR 00-4p, 2000 WL 1898704 ("In making disability determinations, we rely primarily on the DOT (including its companion publication, the SCO) for information about the requirements of work in the national economy."). In addition to the DOT, the ALJ may rely on the testimony of vocational experts who testify about specific occupations that a claimant can perform in light of his RFC. 20 C.F.R. § 404.1560(b)(2); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

In making disability determinations, the ALJ may rely on VE testimony that contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation. *Light*, 119 F.3d at 793; *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995); *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007). Although evidence provided by a VE "generally should be consistent" with the DOT, "[n]either the DOT nor the VE . . . evidence automatically 'trumps' when there is a conflict." SSR 00-4p at *2.[6] Thus, the ALJ must first determine whether

---

[6] SSR 00-4p provides the following guidance regarding occupational evidence from a VE in relation to information included in the DOT:

> Occupational evidence provided by a VE or VS [vocational specialist] generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between the VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency. Neither the DOT nor the VE or VS evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT information.

a conflict exists, and if it does, the ALJ must then determine whether the VE's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the DOT. *Id.* at *2-3. Only after determining whether the VE has deviated from the DOT, and whether any deviation is reasonable, can an ALJ properly rely on the VE's testimony as substantial evidence to support a disability determination. *Massachi*, 486 F.3d at 1152-54. Evidence sufficient to support a deviation from the DOT may be either specific findings of fact regarding Plaintiff's ability to perform particular jobs, *see Johnson*, 60 F.3d at 1435 n.7, inferences drawn from the context of the expert's testimony, *see Terry v. Sullivan*, 903 F.2d 1273, 1279 (9th Cir. 1990), or the VE's "own labor market surveys, experience, and research," *see Buckner-Larking v. Astrue*, 450 Fed. Appx. 626, 628-29 (9th Cir. 2011).

In *Massachi*, the Ninth Circuit held that an ALJ has an affirmative responsibility to ask the VE whether the VE's testimony conflicts with the information in the DOT. 486 F.3d at 1153. Here, contrary to Plaintiff's representation, during the hearing the ALJ explicitly inquired as to whether the VE's testimony was consistent with the DOT:

> Q    Is your testimony consistent with the DOT?
>
> A    Yes, Judge.

(AR 72.) The VE then elaborated that his testimony as to the availability of work with a sit/stand option sufficient to address the ALJ's restrictions on Plaintiff's RFC, was based upon his professional experience:

> A    The stand and sit is I've been a rehabilitation practitioner for over 30 years and every 30 minutes with the alternating stand/sit would be realistic for the jobs I gave you and the numbers.

(AR 72.)

Under *Massachi*, the ALJ is further required to determine whether the VE's explanation for any conflict with the DOT is reasonable and whether a basis exists for relying on the VE rather than the DOT. 486 F.3d at 1153. Here, contrary to Plaintiff's representation, the ALJ explained in his decision that

//

> . . . Pursuant to SSR 00-4p, I have determined that the [VE]'s testimony is consistent with the information contained in the [DOT].  The [VE] testified that he based his decision on the [DOT] and his many years of experience as a [VE], noting that the DOT does not discuss a sit/stand option.

(AR 23.)  The Court finds that the VE provided a reasonable explanation for any conflict with the DOT.  *Buckner-Larkin*, 450 Fed. Appx. at 628-29 (holding that the VE's testimony, "based on his own labor market surveys, experience, and research" sufficiently explained any conflict between the DOT and his testimony).  The VE identified an apparent conflict between the DOT and his testimony – that the DOT does not discuss a sit/stand option – and explained why, *based on his professional experience*, in his opinion Plaintiff could still perform the requirements of the identified occupations.  (*See* AR 23; 72.)

Plaintiff contends that any deviation from the DOT by the VE must be based upon the VE's own labor market surveys, experience, and research.  (*See* Doc. 6-8.)  "While this is true in an abstract sense, there is no requirement that the ALJ require the VE to establish this foundation for his or her expert testimony in the hearing before the ALJ."  *Devore v. Comm'r of Soc. Sec.*, No. 1:14-cv-00663-SAB, 2015 WL 3756328, at *4 (E.D. Cal. June 16, 2015).  *See also Bayliss*, 427 F.3d at 1218 n.4 (noting that Federal Rule of Evidence 702's requirements regarding the admissibility of expert testimony do not apply to the admission of evidence in Social Security administrative proceedings).  It is well-established in this Circuit that "[a] VE's recognized expertise provides the necessary foundation for his or her testimony."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).  Accordingly, the ALJ's failure to elicit foundational testimony from the VE explaining the specific research and experience which led to the VE's conclusions regarding the sit/stand option did not constitute error.  *Devore*, 2015 WL 3756328, at *4.

Accordingly, the Court finds that the ALJ did not err in relying on the VE's testimony that Plaintiff could perform the requirements of the identified occupations subject to a sit/stand option.

## VI. CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and based on proper legal standards. Accordingly, the Court DENIES Plaintiff's appeal from the administrative decision of the Commissioner of Social

Security.  The Clerk of this Court is DIRECTED to enter judgment in favor of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security and against Plaintiff Brent Anthony McClanahan.

IT IS SO ORDERED.

Dated:  **October 27, 2015**                              **/s/ Sheila K. Oberto**
                                                                       UNITED STATES MAGISTRATE JUDGE